UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| KATHY JO DEVINE,<br><br>               Plaintiff,<br>   v.<br><br>ST. JUDE MEDICAL, INC.,<br><br>               Defendant. | CASE NO. C19-5094 BHS<br><br>ORDER GRANTING PLAINTIFF'S MOTION TO REMAND AND DENYING DEFENDANT'S MOTION TO DISMISS |

This matter comes before the Court on Plaintiff Kathy Jo Devine's ("Devine") motion to remand, Dkt. 13, and Defendant St. Jude Medical, Inc.'s ("St. Jude") motion to dismiss, Dkt. 7.[1] The Court has considered the pleadings filed in support of and in opposition to the motion and the remainder of the file and hereby grants the motion to remand and denies the motion to dismiss as moot for the reasons stated herein.

## I. PROCEDURAL AND FACTUAL BACKGROUND

Devine had a defibrillator manufactured by St. Jude implanted in her chest on August 20, 2014. Dkt. 1-2, ¶ I. Devine alleges that prior to this date, St. Jude had recalled the defibrillator at issue, but failed to properly notify her medical providers. *Id.*, ¶ III. Devine alleges that on September 15, 2018, the defibrillator "malfunctioned severely injuring the plaintiff causing permanent injury and disability." *Id.*, ¶ II.

---

[1] Devine filed a motion to remand at Dkt. 11 and another at Dkt. 13, which appear identical. The Court will refer to the later-filed motion.

ORDER - 1

On January 18, 2019, Devine filed a complaint against St. Jude in the Superior Court of Washington for Pierce County. Dkt. 1-2. Devine alleged multiple violations of Washington products liability law. *Id.*, ¶ IV. Devine claimed that she "incurred past and future medical expenses, past and future income loss, permanent injury and disability, impaired earning capacity, general damages for pain and suffering, loss of enjoyment of life, and other damages" in amounts to be proven at trial. *Id.*, ¶ V.

On February 2, 2019, St. Jude filed a notice of removal in this Court. Dkt. 1. On February 12, 2019, St. Jude filed a motion to dismiss. Dkt. 7. On March 1, 2019, Devine filed a motion to remand. Dkt. 13. On March 4, 2019, Devine responded to the motion to dismiss. Dkt. 16. On March 8, 2019, St. Jude replied to its motion. On March 18, 2019, St. Jude responded to the motion to remand. Dkt. 18. On March 21, 2019, Devine replied to her motion. Dkt. 20.

## II. DISCUSSION

**A. Diversity Jurisdiction**

District courts have federal question jurisdiction over all claims "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. District courts have diversity jurisdiction when the parties are citizens of different states and the amount in controversy exceeds $75,000, exclusive of interest and costs. 28 U.S.C. § 1332(a)(1).

**1. Diversity of Citizenship**

"Diversity jurisdiction requires complete diversity between the parties—each defendant must be a citizen of a different state from each plaintiff." *In re Digimarc Corp. Derivative Litig.*, 549 F.3d 1223, 1234 (9th Cir. 2008). "In cases where entities rather

than individuals are litigants, diversity jurisdiction depends on the form of the entity." *Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006). "A corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the state where it has its principal place of business." 28 U.S.C. § 1332(c).

St. Jude alleges in its notice of removal that the parties are diverse and that Devine is a citizen of Washington. Dkt. 1 at 4. Devine does not dispute this. Dkt. 13 at 6 ("Defendant has satisfied the first prong of diversity jurisdiction and established that the parties are diverse").[2]

**2. Amount in Controversy**

"The amount in controversy is simply an estimate of the total amount in dispute, not a prospective assessment of the defendant's liability." *Lewis v. Verizon Communications, Inc.*, 627 F.3d 395, 400 (9th Cir. 2010). When it is not "facially evident" from the plaintiff's complaint that the amount in controversy exceeds $75,000, the defendant bears the burden of establishing by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional requirement. *Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1117 (9th Cir. 2004) (finding the minimum amount in controversy

---

[2] St. Jude explains that it is a Delaware limited liability company with its principle place of business in Minnesota. Dkt. 1 at 4. According to the plain language of § 1332(c)(1), this would make St. Jude a citizen of Delaware and of Minnesota. However, St. Jude cites § 1332(c)(1) for the proposition that because its sole owner, Abbott Laboratories is a citizen of Illinois, St. Jude is a citizen of Illinois for determining diversity of citizenship. The Court finds nothing to disturb the "general rule" that "'in a suit involving a subsidiary corporation, the court looks to the state of incorporation and principal place of business of the subsidiary and not its parent.'" *Danjaq, S.A. v. Pathe Communications Corp.*, 979 F.2d 772, 775 (9th Cir. 1992) (internal citations omitted). In any event, St. Jude is a citizen of a different U.S. state than Devine, so diversity of citizenship is satisfied.

not satisfied when the complaint alleged a number of types of damages but only specifically alleged $50,000 in general damages). "Under this burden, the defendant must provide evidence establishing that it is 'more likely than not' that the amount in controversy exceeds [$75,000]." *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 404 (9th Cir. 1996).

"Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first place." *Gaus v. Miles*, 980 F.2d 564, 566 (9th Cir. 1992). The Supreme Court has clearly differentiated the standard for original jurisdiction and removal jurisdiction in diversity when the amount in controversy is unclear:

> [I]n cases brought in the federal court ... [i]t must appear to a legal certainty that the [plaintiff's] claim is really for less than the jurisdictional amount to justify dismissal.... A different situation is presented in the case of a suit instituted in a state court and thence removed. There is a strong presumption that the plaintiff has not claimed a large amount in order to confer jurisdiction on a federal court or that the parties have colluded to that end.

*Id.* (quoting *St. Paul Mercury Indem. Co. v. Red. Cab. Co.*, 303 U.S. 283, 288–90 (1938)). "If the complaint is silent on the amount of damages claimed, the court may also consider facts in the removal petition, and 'summary-judgment-type evidence relevant to the amount in controversy at the time of the removal.'" *Rivera v. Costco Wholesale Corp.*, No. C 08-02202-CW, 2008 WL 2740399, at *2 (N.D. Cal. July 11, 2008) (quoting *Singer v. State Farm Mut. Auto Ins. Co.*, 116 F.3d 373, 377 (9th Cir. 1997)).

The Court will analyze St. Jude's arguments by their four themes: (1) that courts have found the $75,000 amount-in-controversy requirement satisfied in cases that did not specify damages claims but involved medical care, (2) that courts in Washington have

awarded verdicts in medical products liability cases well above $75,000, (3) that courts around the country have accepted its notices of removal in similar cases without finding a lack of subject-matter jurisdiction, and (4) that Devine alleges the defibrillator caused her severe injury, and that she was admitted to a medical facility based on problems with her defibrillator and underwent surgery three days later, making it "clear that the jurisdictional threshold has been met."

      First, St. Jude cites three cases where courts found the amount in controversy was satisfied without specific evidence to quantify the value of claims. Dkt. 1 at 6. In *Luckett v. Delta Airlines, Inc.*, 171 F.3d 295, 297–98 (5th Cir. 1999), the Fifth Circuit found the district court did not err in concluding the amount in controversy exceeded $75,000 in a tort claim alleging "damages for property, travel expenses, an emergency ambulance trip, a six day stay in the hospital, pain and suffering, humiliation, and her temporary inability to do housework after the hospitalization" in a case of medication in lost airline luggage leading to heart failure. In *Evans v. CDX Services, LLC*, 528 F. Supp. 2d 599, 602, 606 (S.D. W.Va. 2004), the court found the existence of claims for serious bodily injury, tremendous pain and suffering, loss of earning capacity, and loss of ability to enjoy life, in addition to pain and suffering and future damages combined to satisfy defendants' burden to prove the amount in controversy in a case where the plaintiff's leg was broken in a workplace injury. In *In re Rezulin Products Liability Litigation*, 133 F. Supp. 2d 272 (S.D.N.Y. 2001), a consolidated products liability case, the court considered factors like the description of claims, and the amount of damages claimed for similar injuries in other complaints in the same case to find defendants met their burden to prove the amount in

controversy. The Court finds these cases have persuasive, not precedential value, and without reviewing the record in these cases, the Court is unable to draw reliable conclusions about their similarity to the case at bar. The Court further notes that in *Rezulin*, the district court was able to compare multiple cases which had been consolidated due to their similarity, 133 F. Supp. 2d at 279, an advantage the Court does not have here.

Second, St. Jude provides examples of medical device product liability cases which went to trial in Washington and resulted in verdicts well above the $75,000 amount in controversy threshold. Dkt. 1 at 6–7. St. Jude does not provide any metric or close analogy by which the Court could apply the verdicts in these cases to the facts at hand. Thus, the Court does not find this line of reasoning constitutes evidence by which the Court can estimate the amount of damages at issue in this case.

Third, St. Jude cites cases from around the country where plaintiffs experienced problems with defibrillators, removal was based on the nature of the damages, and federal courts accepted diversity jurisdiction even though the complaints did not plead a specified amount in damages. Dkt. 18 at 6 (citing Dkt. 19-2). The Court finds that without any indication of whether these courts analyzed subject-matter jurisdiction, it again cannot draw any reliable conclusions specific to the facts at hand.

Fourth, St. Jude cites the allegation in Devine's complaint that the defibrillator "malfunction[ed] severely injuring the plaintiff causing permanent injury and disability," and her claim for damages in the form of past and future medical expenses, past and future income loss, permanent injury and disability, impaired earning capacity, general

damages for pain and suffering, and loss of enjoyment of life. Dkt. 1 at 6 (citing Dkt. 1-2, ¶¶ II, V). St. Jude submits civil cover sheets from two federal district cases where plaintiffs experienced similar shocks from their defibrillators and claimed damages above $75,000. Dkt. 18 at 6 (citing Dkt. 19-3). St. Jude also cites Devine's medical history showing she was admitted to a medical facility on September 15, 2018, and had surgery relating to her defibrillator on September 18. Dkt. 18 at 7 (citing Dkt. 19-1). St. Jude argues that she "undoubtedly incurred charges from the hospital that included but were not limited to: multi-day in-patient room stay, the replacement [defibrillator] generator, all testing ordered by any of her doctors, all monitoring ordered by any of her doctors, and all medications." Dkt. 18 at 7. St. Jude also notes that Devine "was likely billed for services from her surgeon, anesthesiologist, and cardiologist," and if she went to the emergency room, those her medical expenses would include those charges as well. *Id.* Devine counters that St. Jude "know[s] full well that the malfunction of the device may have resulted in the plaintiff not being charged under the circumstances" because the faulty device was installed at the same facility. Dkt. 20 at 4.

The Court finds St. Jude's fourth line of argument most persuasive. However, though it is a close question, the Court concludes that St. Jude has not displaced the "strong presumption that the plaintiff has not claimed a large amount in order to confer jurisdiction on a federal court." *Gaus*, 980 F.2d at 566 (quoting *St. Paul Mercury Indem.*, 303 U.S. at 288–90). While the medical history St. Jude cites does suggest Devine was hospitalized for three days and underwent surgery, undoubtedly costly events, St. Jude suggests no method or evidence by which the Court might estimate the cost of these

events or the various medical services it lists. *Cf. McDermott v. Life Investors Ins. Co. of Am.*, No. C06–5344 RBL, 2006 WL 2668153 (W.D. Wash. 2006) (finding amount in controversy satisfied when plaintiff claimed specific damages of $22,804.94 and defendant calculated its future liability for nursing home care would likely total $93,430.00). Neither has St. Jude provided any evidence from which the Court might estimate the amount of other damages such as income loss.

In sum, the Court finds St. Jude has not carried its burden to show by a preponderance of the evidence that the amount in controversy exceeds $75,000. *Sanchez*, 102 F.3d at 404. The issue can easily be resolved with a simple discovery request. At this point, however, the Court is compelled to resolve doubt in favor of remand.

### 3. Attorney Fees

According to 28 USC § 1447(c), "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." The Supreme Court has said that "absent unusual circumstances, attorney's fees should not be awarded when the removing party has an objectively reasonable basis for removal." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 136 (2005). Devine argues that because the defendant in this case had no reasonable basis for seeking removal, an order awarding actual costs and attorney fees is appropriate. Dkt. 13 at 12–14. Devine cites three cases from the Eastern District of Kentucky where courts criticized defendants for failing to come forward with competent proof to establish the amount-in-controversy requirement and suggested defendants should submit pre-removal interrogatories or requests for admission. *Id.* at 13 (citing, *inter alia*, *Caudill v. Richie*,

No. 09–28–ART, 2009 WL 1211017, *4 (E.D. Ky. May 1, 2009)). Because it appears that St. Jude has successfully removed multiple facially similar cases across the country, *see* Dkt. 18 at 6 (citing Dkt. 19-2), the Court finds that St. Jude's basis for removal was reasonable, though not supported by a preponderance of the evidence. Therefore, each party should bear their own costs in regard to this motion.

**B.     Motion to Dismiss**

St. Jude's motion to dismiss is moot because the Court has concluded it does not have jurisdiction to decide this case.

### III.  ORDER

Therefore, it is hereby **ORDERED** that Devine's motion to remand, Dkt. 13, is **GRANTED**, and St. Jude's motion to dismiss, Dkt. 7, is **DENIED as moot**. The Clerk shall remand to the Pierce County Superior Court and close the case.

Dated this 1st day of April, 2019.

BENJAMIN H. SETTLE
United States District Judge